Laramore, Judge,
delivered the opinion of the court:
Plaintiff claims he is entitled to have his retired pay based on the formula provided in Section 204 of the Naval Eeserve *275 Act of 1938, 52 Stat. 1178, as amended by the Act of August 10, 1946, 60 Stat. 993, i.e.; 2y2 percent of his active duty pay multiplied by the number of years of active Federal service with which he is credited. He argues that Section 204 is applicable to all persons “heretofore or hereafter transferred to the Fleet Reserve” and that persons qualifying for such transfer under the provisions of Section 203 of said act may elect to take the benefits of Section 204, as decided by this court in Hulse v. United States, 133 C. Cls. 848, cert. denied 353 U.S. 916.
Defendant’s position is that the provisions of Section 204 are not applicable to the plaintiff. It is also defendant’s position that the Hulse case, supra, is distinguishable from the case at bar, on the facts.
This case arises on motions for summary judgment filed by each party.
The facts, as disclosed by the motions and exhibits are these:
Plaintiff first enlisted in the Regular Navy on June 21, 1920, and served therein in a continuous status until August 1, 1936, at which time he was transferred to the Fleet Naval Reserve with credit for 16 years, 2 months and 1 day of Naval service, under the provisions of Section 26 of the Naval Reserve Act of 1925, 43 Stat. 1080, 1087. On November 1, 1939, he was placed on the retired list of the Navy for reasons of physical disability, pursuant to Section 206 of the Naval Reserve Act of 1938, 52 Stat. 1175, 1179. Plaintiff was recalled to active duty on July 8, 1941, and served on active duty until November 2, 1944, at which time he was released to an inactive status on the retired list, having completed 19 years, 5 months and 25 days of active Naval service. Subsequent to his release to inactive duty, he was paid retired pay based upon one-third of his base pay, as increased by 45 percent for longevity until October 1,1949, when his retired pay was computed under method (b) of Section 511 of the Career Compensation Act of 1949.
Prior to plaintiff’s enlistment in the Navy, he enlisted in the United States Army on August 25, 1912, and served on active duty until honorably discharged on August 24, 1915; he reenlisted on January 1,1916, and was furloughed to the *276 Regular Army Reserve on March. 20, 1920, and subsequently was discharged on June 4,1920.
Accordingly, the only issue presented is whether plaintiff is entitled, under this set of facts, to the benefits of Section 204, supra.
Section 204 provides:
Sec. 204. Members of the Navy who first enlisted in the Navy after July 1,1925, or who reenlisted therein after July 1, 1925, having been out of the Regular Navy for more than three months, may upon their own request be transferred to the Fleet Reserve upon the completion of at least twenty years’ active Federal service. After such transfer, except when on active duty, they shall be Eaid at the annual rate of 2y2 per centum of the annual ase and longevity pay they are receiving at the time of transfer multiplied by the number of years of active Federal service: Provided, That the pay authorized in this section shall be increased 10 per centum for all men who may be credited with extraordinary heroism in the line of duty: Provided further, That the determination of the Secretary of the Navy as to the definition of extraordinary heroism shall be final and conclusive for all purposes: Provided further, That the pay authorized in this section shall not exceed 75 per centum of the active-duty base and longevity pay they were receiving at the time of transfer: Provided further, That all enlisted men transferred to the Fleet Reserve in accordance with the provisions of this section and of sections 1 and 203 of this Act shall, upon completion of thirty years’ service, be transferred to the retired list of the Regular Navy, with the pay they were then legally entitled to receive: Provided further, That nothing contained within this section shall be construed to prevent persons who qualify for transfer to the Fleet Reserve under the provisions of section 203 of this Act from being transferred in accordance with the provisions of this section if they so elect: Provided further, That a fractional year of six months or more shall be considered a full year for purposes of this section and section 203 in computing years of active Federal service and base and longevity pay: And provided further, That the provisions of this section shall apply to all persons of the class described herein, heretofore or hereafter transferred to the Fleet Reserve, except that no increase in pay or allowances shall be deemed to have accrued prior to the date of the enactment of this amendment. For the purposes of this section, all active service in the Army of the United States, *277 tbe Navy, tbe Marine Corps, tbe Coast Guard, or any component thereof, shall be deemed to be active Federal service [52 Stat. 1178, as amended by tbe Act of August 10,1946, 60 Stat. 993],
It is this formula, 2% per centum multiplied by the number of years of active Federal service, which plaintiff contends for. In other words, plaintiff says be should be credited with his years of Army service in addition to his Navy service in arriving at the correct amount of his retired pay.
Defendant, aside from its contention that Section 204 is not applicable, says that the Hulse case is distinguishable on the facts. That is to say, Hulse became entitled to retired pay on the completion of 30 years’ service under the provisions of the 4th proviso of Section 204 of the 1938 Act, supra. The defendant then argues that plaintiff became entitled to receive pay for physical disability under Section 206 of the 1938 Act. Defendant says that Hulse had 30 years of active Naval service at the time of his retirement and plaintiff in the instant case had only 19 years, 5 months and 25 days of active Naval service at the time of his release to inactive duty on the retired list, following his recall to active duty from the retired list.
We can see no realistic distinction between the two cases. Hulse, like the plaintiff, was transferred to the Fleet Naval Reserve under the provision of the Act of 1925. When Congress, in 1938, dissolved the Fleet Naval Reserve and created the new component known as the “Fleet Reserve”, Hulse, like plaintiff, became a member of the Fleet Reserve. While it is not spelled out with certainty in the Hulse case, the court must have concluded that since the 1925 Act and Section 203 of the 1938 Act afforded the same rights, Hulse qualified under, and was transferred “in accordance with the provisions of Section 203, which permitted such transfer after 16 years of service * * Both Hulse and plaintiff were transferred with 16 years or more of service. Therefore, under the logic of the Hulse case, we can see no reason why different treatment should be given plaintiff in this case.
Accordingly, under this court’s decision in Hulse v. United States, supra, we hold that plaintiff was transferred to the *278 Fleet Keserve in accordance with the provisions of Section 203 of the 1938 Act, supra, and therefore is entitled to elect to have his retirement pay computed in accordance with the provisions of Section 204 by reason of the 5th and 7th provisos thereof.
Since plaintiff is entitled to the benefits of Section 204, he is entitled to add his years of Army service in computing his years of “active Federal service” and consequently is entitled to the difference in the retired pay received by him from October 1, 1948 to October 1, 1949, the pay to which he is entitled when his retired pay is computed at the rate of 214 percent of his active duty pay multiplied by his years of active Federal service, and judgment will be entered to that effect.
Plaintiff’s motion for summary judgment is granted and defendant’s motion is denied. The exact amount of the judgment will be determined pursuant to Pule 38(c).
It is so ordered.
MaddeN, Judge, and Whitaeer, Judge, concur.
Jones, Chief Judge, took no part in the consideration and decision of this case.
In accordance with the opinion of the court and on a memorandum report of the commissioner as to the amount due thereunder, it was ordered on May 20, 1960, that judgment for the plaintiff be entered for $386.88.